IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SEAN AIKEE LEVERETTE, )
                                )
            Petitioner, )
                                )
        v. )    1:18CV475
                                )    1:14CR452-1
UNITED STATES OF AMERICA, )
                                )
            Respondent. )

<u>RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE</u>

Petitioner in this action brings a Motion [Doc. #29] to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He pled guilty in this Court to one count of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and received a sentence of 84 months of imprisonment. Petitioner did not file a direct appeal, but later filed his current Motion. The Government filed a Motion to Dismiss [Doc. #38] opposing relief. Petitioner filed a Response [Doc. #40], and both parties' Motions are now before the Court for a decision.

<u>Claims</u>

Petitioner lists three claims for relief in his Motion, all based on allegations of ineffective assistance of counsel. The Motion itself includes no support or explanation for the claims, referring instead to a Brief [Doc. #30] filed in support of his Motion. In that Brief, Petitioner does not neatly delineate claims of ineffective assistance, but generally contends that counsel: (1) did not appeal the sentencing court's conclusion that Petitioner was a career

offender for sentencing purposes under USSG § 4B1.1; (2) did not contest Petitioner's criminal history points at sentencing; (3) did not advise him of his rights under § 2255 following sentencing; (4) raised an incorrect objection to the career offender designation while ignoring a meritorious one; and (5) caused Petitioner to waive his right to appeal the career offender designation by advising him to plead guilty with a plea agreement instead of without one.

Discussion

In the Motion to Dismiss, Respondent requests dismissal on the ground that Petitioner's Motion was filed outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). In considering this contention, the Court notes that the one-year limitation period begins to run from the latest of several potential starting dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2254(f).

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to

2

mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court or (2) the expiration of the time for seeking such review. Clay v. United States, 537 U.S. 522 (2003). Where no direct appeal is filed, the conviction becomes final when the fourteen-day notice of appeal period expires. Id.; Fed. R. App. P. 4(b). Petitioner's Judgment was entered February 25, 2016, and he did not file an appeal, which means that his conviction became final under this subsection on March 11, 2016. His time to file under subsection (f)(1) began to run on that date and expired a year later on March 13, 2017. His current § 2255 Motion, which he signed as having been mailed on May 3, 2018, was filed more than a year later and is out of time under this subsection. Only if another subsection gives Petitioner more time to file will his Motion be timely.

Petitioner does not raise arguments under § 2255(f)(3) or (4). However, he does contend that his Motion is timely under either equitable tolling or § 2255(f)(2), which requires an unlawful governmental action that prevented Petitioner from filing the § 2255 motion. Petitioner contends that he did not file earlier because he was in the custody of the State of North Carolina serving a separate sentence, did not have proper access to legal materials, and did not become aware of the need to file or the one-year deadline for filing under § 2255 until after his transfer to federal custody on February 14, 2018. A number of circuits hold that, in certain circumstances, the lack of a law library or other resources and, in particular, the lack of resources that would allow a petitioner to learn of the one-year statute of limitations, can satisfy § 2255(f)(2) or its corollary for filing petitions under 28 U.S.C. § 2254, 28 U.S.C. § 2244(d)(1)(B). See Estemera v. United States, 724 F.3d 773, 777 (7th Cir. 2013); Egerton v. Cockrell, 334 F.3d 433, 438 (5th Cir. 2003); Whalem v. Early, 233 F.3d 1146 (9th Cir. 2000)

3

(en banc). The Government did not file a Reply to address Petitioner's contentions and has not attempted to discuss or distinguish these cases. Further, "[w]hether a prisoner has demonstrated the existence of a state-created impediment is highly fact dependent." Funk v. Thaler, 390 F. App'x. 409, 410 (5th Cir. 2010). Rather than order further briefing or conduct a hearing on the matter, the Court will instead discuss the merits of Petitioner's claims.

As stated above, all of Petitioner's claims turn on assertions of ineffective assistance of counsel. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984). With respect to the performance prong of Strickland, a petitioner bears the burden of affirmatively showing deficient performance, that is, that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). In considering such a contention, the Court reviews counsel's conduct with a "deferential eye" and "presume[s] that challenged acts are likely the result of a sound trial strategy." Id. With respect to the prejudice prong of Strickland, to show prejudice the petitioner must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (internal quotation omitted).

Central to all of Petitioner's arguments is the contention that he was improperly categorized as a career offender. A defendant is a career offender if he is an adult at the time of the instant offense, the instant offense is a crime of violence or controlled substance offense, and the defendant has two prior felony convictions for crimes of violence or

4

controlled substance offenses. USSG § 4B1.1(a). The terms "crime of violence," "controlled substance offense," and "felony" are defined in USSG § 4B1.2. A "crime of violence" includes a crime involving the use, attempted use, or threatened use of force against the person of another, USSG § 4B1.2(a), while a controlled substance offenses is one "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b). The Presentence Report [Doc. #22] in Petitioner's case states that he was determined to be a career offender based on three prior North Carolina convictions for drug offenses. (Presentence Report, ¶ 19.) Specifically, they are: (1) a conviction for felony sell/deliver a schedule II controlled substance obtained by Petitioner in Durham County on March 9, 2007, (2) a conviction for felony possession with intent to manufacture, sell, and deliver a schedule II controlled substance obtained in Durham County on June 2, 2011, and (3) a conviction for felony possession with intent to sell and deliver cocaine obtained in Durham County on November 5, 2012. (Id., ¶¶ 29, 33, 34.)

Petitioner claims that the drug predicates used to support his career offender enhancement are no longer "controlled substance offenses" in light of Mathis v. United States, ___ U.S. ___, 136 S. Ct. 2243 (2016), and prior related cases applying the "categorical approach." Specifically, Petitioner contends that "the state conviction (delivery) definition sweeps more broader than the guideline definition and cannot be used for enhancement/classification purposes under § 4b1.2(b) or § 4B1.1(c)(3)." (Brief at 6, 9.). This

5

is simply not correct. A number of petitioners have raised a similar claim in cases filed in the Eastern District of North Carolina. In discussing one such claim, that court explained:

> Petitioner suggests that <u>Mathis</u> requires this court to find the state statute that provided the basis for his prior state convictions to be overly broad and therefore the convictions are invalid predicates. The Fourth Circuit's recent decision in <u>United States v. Dozier</u> is instructive. 848 F.3d 180 (4th Cir. 2017). In that case, the Fourth Circuit determined that West Virginia's "controlled substance offense" was a categorical match with the generic "controlled substance offense," as contemplated by the Sentencing Guidelines. <u>Dozier</u>, 848 F.3d at 187–88. Under the same reasoning, North Carolina's "controlled substance offense" is a categorical match because the related elements are no broader than the generic offense. See <u>Dozier</u>, 848 F.3d at 187; <u>compare</u> U.S.S.G. § 4B1.2(b), and W. Va. Code § 60A–4–401(a) (2011), with N.C. Gen Stat. Ann. § 90-95(a)(1) (2015).

<u>Strain v. United States</u>, No. 5:14-CR-60-FL-1, No. 5:17-CV-230-FL, 2017 WL 3669531, at *3 (E.D.N.C. Aug. 24, 2017) (unpublished) (internal citation to the docket and footnote deleted), <u>appeal dismissed</u>, 707 F. App'x 152 (4th Cir. Dec. 22, 2017), <u>cert denied</u>, ___ U.S. ___, 138 S. Ct. 2639 (2018); <u>accord</u> <u>Miller v. United States</u>, No. 7:13-CR-75-FL-1, No. 7:16-CV-421-FL, 2017 WL 2788330 (E.D.N.C. June 27, 2017) (unpublished), <u>appeal dismissed</u>, 697 F. App'x 787 (4th Cir. 2017); <u>Day v. Andrews</u>, No. 5:17-HC-2038-BO, 2017 WL 6611509 (E.D.N.C. Dec. 27, 2017) (unpublished), <u>aff'd</u>, 730 F. App'x 165 (4th Cir. 2018).

In support of his contention, Petitioner also cites to <u>U.S. v. Brandon</u>, 247 F.3d 186 (4th Cir. 2001), and related cases, but those cases involved a different predicate North Carolina conviction: possessing between twenty-eight and two hundred grams of cocaine in violation of N.C. Gen. Stat. § 90–95(h)(3). In this case, Petitioner's prior convictions were not under N.C. Gen. Stat. § 90-95(h)(3), but were instead under N.C. Gen. Stat. § 90-95(a)(1), which makes it unlawful for any person "[t]o manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance." N.C. Gen Stat. Ann. § 90-95(a)(1) (2015);

6

see also Davis v. United States, 3:12CR52-2, 3:13CV688, 2015 WL 8366835, at *3 (W.D.N.C. Dec. 7, 2015) ("Furthermore, Petitioner's North Carolina conviction for manufacture, sale, delivery, or possession with intent to manufacture, sell, or deliver a controlled substance within 1,000 feet of a school, pursuant to N.C. Gen. Stat. § 90-95(a)(1), (e)(8), qualifies categorically as a 'controlled substance offense' because it prohibits the 'manufacture, import, export, distribution, or dispensing of a controlled substance' or 'the possession of a controlled substance ... with intent to manufacture, import, export, distribute, or dispense.'"); Caldwell v. United States, 5:12CR15-1, 5:14CV181, 2015 WL 1186359, at *3 (W.D.N.C. 2015) ("Comparing the definition set forth in the guidelines with the elements of Petitioner's offenses reveals that Petitioner's North Carolina convictions for the sale or delivery of cocaine categorically qualify as controlled substance offenses. See N.C. Gen. [ ] Stat. § 90–95(a)(1).").

Therefore, having considered Petitioner's contentions, it is apparent that Petitioner's North Carolina drug convictions remain proper predicates supporting Petitioner's career offender enhancement, his attorney did not perform deficiently by failing to argue otherwise, and Petitioner was not prejudiced by his counsel's failure to raise a meritless argument.[1]

This outcome also defeats Petitioner's other claims of ineffective assistance. For instance, Petitioner contends that his attorney provided ineffective assistance by failing to appeal the career offender enhancement. There would have been no reason to file a meritless appeal on that point absent an instruction by Petitioner to do so and Petitioner does not contend that he gave such an instruction. Petitioner also asserts that his attorney failed to

---

[1] Petitioner also cites to U.S. v. Davis, 720 F.3d 215 (4th Cir. 2013), but his prior state convictions were not a consolidated sentence or judgment. As noted above, the prior predicate convictions were on three separate dates.

7

contest Petitioner's criminal history points at sentencing. However, given that Petitioner's properly applied career offender enhancement already raised Petitioner's criminal history to the highest level possible under the Guidelines, VI, challenging criminal history points would have been fruitless. Petitioner also claims that his attorney caused him to waive his right to appeal the career offender designation by advising him to plead guilty pursuant to a plea agreement instead of employing an open plea to preserve his appellate rights. Not only would preserving this right have been futile for the reasons discussed above, but the record also reveals that Petitioner is simply mistaken. His Plea Agreement [Doc. #13], does not contain any waiver of appellate rights. Therefore, Petitioner retained the right to appeal the career offender designation even though such an appeal would have been futile. Finally, Petitioner states that his attorney did not advise him of his right to file a motion under § 2255. It is not clear why counsel would have had a duty to advise Petitioner concerning his collateral review rights but, in any event, any failure to do so could not have prejudiced Petitioner because he was able to file his § 2255 Motion, it has been considered, and it is meritless. Petitioner does not show that his attorney performed deficiently or prejudiced him in any way. All of Petitioner's claims fail and should be dismissed.

IT IS THEREFORE RECOMMENDED that Respondent's Motion to Dismiss [Doc. #38] be granted on the alternative basis set out above, that Petitioner's § 2255 Motion [Doc. #29] be denied, that this action be dismissed, and that, there being no substantial issue for

appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

This, the 5th day of May, 2020.

/s/ Joi Elizabeth Peake
United States Magistrate Judge