IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SEAN AIKEE LEVERETTE,            )
                                 )
           Petitioner,            )
                                 )
     v.                           )      1:18CV475
                                 )      1:14CR452-1
UNITED STATES OF AMERICA,        )
                                 )
           Respondent.            )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action brought a Motion [Doc. #29] to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He pled guilty in this Court to one count of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and received a sentence of 84 months of imprisonment. Petitioner did not file a direct appeal, but later filed his Motion under § 2255. Petitioner lists three claims for relief in his Motion and an accompanying Brief [Doc. #30]. He did not neatly delineate his claims, but raised claims of ineffective assistance by generally contending that counsel: (1) did not appeal the sentencing judge's conclusion that Petitioner was a career offender for sentencing purposes under USSG § 4B1.1; (2) did not contest Petitioner's criminal history points at sentencing; (3) did not advise him of his rights under § 2255 following sentencing; (4) raised an incorrect objection to the career offender designation while ignoring a meritorious one; and (5) caused Petitioner to waive his right to appeal the career offender designation by advising him to plead guilty with a plea agreement instead of without one.

After briefing by the Parties, the Court entered a Recommendation [Doc. #41] that a Motion to Dismiss [Doc. #38] filed by the Government be granted and that Petitioner's Motion be dismissed. Although the United States District Judge assigned to the case initially entered a Judgment [Doc. #46] adopting the Recommendation, she later entered an Order [Doc. #48] vacating that Judgment and referring the matter to the undersigned for the limited purpose of reviewing an attempt by Petitioner to assert amended claims under § 2255 which he included in his Objection [Doc. #45] to the prior Recommendation.

## Proposed Amended Claims

Petitioner seeks to raise two proposed amended claims in his Objection. The first is that his attorney provided ineffective assistance of counsel by failing to consult with him concerning the possibility of an appeal. The second is that counsel also provided ineffective assistance by failing to ensure that the sentencing judge placed on the record the reasons for not running Petitioner's federal sentence concurrent with a state sentence that Petitioner was then serving and also failing to raise this lack of a stated reason on direct appeal.

## Discussion

Because Petitioner's attempt to amend his Motion was made far more than 21 days after the service of his Motion or the filing of a responsive pleading, he may amend only with leave of court or the consent of Respondent. See Fed. R. Civ. P. 15(a)(1). Respondent has not given consent and, in fact, opposes the amendments. As for leave of the Court, "leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Of relevance to the present case, "[w]here the statute of limitations bars a cause of action, amendment may be

2

futile and therefore can be denied." Pittman, 209 F.3d at 317 (citing Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991); Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988)).

Regarding the statute of limitations, Respondent requested dismissal of Petitioner's original Motion on the ground that Petitioner filed it outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). In considering that contention, the Court noted that the one-year limitation period begins to run from the latest of several potential starting dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2254(f).

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court or (2) the expiration of the time for seeking such review. Clay v. United States, 537 U.S. 522 (2003). Where no direct appeal is filed, the conviction becomes final when the fourteen-day notice of appeal period expires. Id.;

3

Fed. R. App. P. 4(b). Petitioner's Judgment was entered February 25, 2016, and he did not file an appeal, which means that his conviction became final under this subsection on March 11, 2016. His time to file under subsection (f)(1) began to run on that date and expired a year later on March 13, 2017. Both his original Motion and later Objection containing his proposed amended claims, the latter of which he signed as having been mailed on June 29, 2020, were filed more than a year later and out of time under this subsection. Only if another subsection gives Petitioner more time to file will the proposed claims contained in the Objection be timely.

Petitioner did not and does not raise arguments under § 2255(f)(3) or (4). However, regarding his original Motion he claimed equitable tolling and/or that § 2255(f)(2), which requires an unlawful governmental action that prevented Petitioner from filing the § 2255 Motion, rendered that Motion timely. Petitioner contended that he did not file earlier because he was in the custody of the State of North Carolina serving a separate sentence, did not have proper access to legal materials, and did not become aware of the need to file or the one-year deadline for filing under § 2255 until after his transfer to federal custody on February 14, 2018. A number of circuits hold that, in certain circumstances, the lack of a law library or other resources and, in particular, the lack of resources that would allow a petitioner to learn of the one-year statute of limitations, can satisfy § 2255(f)(2) or its corollary for filing petitions under 28 U.S.C. § 2254, 28 U.S.C. § 2244(d)(1)(B). See Estemera v. United States, 724 F.3d 773, 777 (7th Cir. 2013); Egerton v. Cockrell, 334 F.3d 433, 438 (5th Cir. 2003); Whalem v. Early, 233 F.3d 1146 (9th Cir. 2000) (en banc). Because of this, and in order to avoid further briefing or

4

conduct a hearing on the matter, the Court chose to discuss Petitioner's original claims on their merits, as set out in the prior Recommendation.

Petitioner's new proposed claims are a different matter. This is because he did not attempt to raise them until June 29, 2020, well more than a year after his February 14, 2018 transfer into federal custody. Therefore, any government impediment or basis for equitable tolling based on his incarceration in state custody had been removed for more than a year prior to the filing of the amended claims, and the statute of limitations would have expired. This means that Petitioner's claims are time barred, and therefore futile, unless they "relate back" to the claims in his original Motion. See Fed. R. Civ. P. 15(c); Pittman, 209 F.3d at 317. Under Fed. R. Civ. P. 15(c), an amendment may "relate back" to the original Motion if it asserts "a claim or defense that arose out of the conduct, transaction, or occurrence set out-- or attempted to be set out--in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); see also Mayle v. Felix, 545 U.S. 644, 655 (2005). "[C]onduct, transaction, or occurrence" does not mean a petitioner's entire trial or sentencing. Mayle, 545 U.S. at 664. Instead, the new claim must arise from occurrences of the same "'time and type'" as the original claims. Pittman, 209 F.3d at 318 (quoting United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999)).

Here, the proposed amendments are not of the same "time and type" as Petitioner's original claims of ineffective assistance. Petitioner's second proposed amended claim, whether or not his attorney should have contested the fact that the sentencing judge did not explicitly state reasons for not running his federal sentence concurrent with his prior state sentence, is not possibly related to any prior claim by Petitioner. His Objection marks the first time that

5

he mentioned the concurrent/consecutive sentencing issue and it in no way "relates back" to his original Motion.[1]

Petitioner's other proposed amended claim, that his attorney did not consult with him concerning whether or not to file an appeal after sentencing, is somewhat closer in that Petitioner's original Motion at least mentions a failure to appeal a sentencing issue and a failure to advise Petitioner of post-conviction rights. However, the original Motion does not contain any allegation that counsel did not consult with Petitioner concerning an appeal. Therefore, it is of a different type than the claims previously raised and is time barred.

Even if Petitioner's failure to consult claim were not time barred, it would still be futile for him to raise it because it is meritless. Petitioner makes no claim that he affirmatively requested an appeal or sought consultation regarding an appeal, but claimed instead in his original Motion that he erroneously believed he had waived any right to appeal through his guilty plea. Therefore, any claim regarding failure to consult must necessarily rely on a duty to consult with Petitioner concerning an appeal independent of any request by Petitioner to do so. Such a duty does not automatically exist. Rather, consultation about an appeal is constitutionally required only "'when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was

---

[1] Moreover, as noted in the Government's Response, this claim is futile in any event. At sentencing, counsel for Petitioner argued for a concurrent or partially concurrent sentence, and the sentencing court did not grant that request. Petitioner's current claim is based on the alleged failure of the court to specifically state the reasons for denying his request for a concurrent sentence, but any such claim would not be the type of defect that would be cognizable on collateral review. To the extent this claim is intended to also include alleged ineffective assistance of counsel for failing to consult regarding an appeal, that claim is addressed separately above.

6

interested in appealing.'" United States v. Cooper, 617 F.3d 307, 313 (4th Cir. 2010) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)).

Here, Petitioner pled guilty to a single charge after selling crack cocaine to a confidential informant. Despite a long criminal history and the fact that Petitioner was a career offender with an advisory sentencing range of 151 to 188 months of imprisonment under the United States Sentencing Guidelines (Sentencing Tr. [Doc. #28] at 5), his attorney successful argued for a downward variance and Petitioner received a sentence of only 84 months. Also, for reasons discussed in the prior Recommendation, Petitioner had no meritorious grounds for an appeal. Finally, the sentencing judge asked Petitioner's attorney in Petitioner's presence if he had spoken to Petitioner about his appeal rights and Petitioner's attorney stated that he had. (Id. at 16.) The judge then noted that Petitioner needed to file any appeal within fourteen days of the entry of judgment. (Id.) Despite this, by his own account Petitioner still expressed no interest in any appeal to his attorney. Petitioner attributes this to his unfounded belief that he had waived any appeal rights through his guilty plea. Whatever the case, there would have been no reason for his attorney to know or even suspect that Petitioner held this groundless belief, particularly given the sentencing judge's statement in court concerning the timing of any appeal. There would also have been no separate reason for him to consult with Petitioner concerning an appeal given the guilty plea, the very low variant sentence Petitioner received, and the lack of viable issues for appeal. In the end, no duty to consult arose under the framework in Flores-Ortega and Petitioner's attorney did not provide ineffective assistance by failing to consult with Petitioner after sentencing concerning a possible appeal. Any claim to

the contrary is futile for this additional reason and Petitioner's request to amend should be denied.

The Court therefore recommends that Petitioner's original Motion be dismissed for the reasons set out in the prior Recommendation, and that the request to amend be denied as futile because the proposed new claims are untimely, and even if timely would be meritless.

IT IS THEREFORE RECOMMENDED that Petitioner's request to amend raised in his Objection [Doc. #45] be denied, that Judgment be entered dismissing this action, and that, there being no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

This, the 29th day of November, 2021.

                                            /s/ Joi Elizabeth Peake
                                            United States Magistrate Judge